### STATE of Maine
### v.
### Edward R. FITZHERBERT.

Supreme Judicial Court of Maine.

Feb. 5, 1969.

David Aldrich, County Atty., South Paris, for plaintiff.

Gaston M. Dumais, Lewiston, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

The defendant appeals from his conviction by jury verdict of the offense of breaking, entering and larceny. Six points of appeal are raised for review.

### Point 1

"An indictment returned against the Defendant was a nullity because it was based on insufficient evidence in that the State did not present evidence of a fingerprint expert which was absolutely needed to tie up the Defendant to the scene of the crime."

In State of Maine v. Douglas, (1955) 150 Me. 442, 114 A.2d 253 the respondent was denied leave to withdraw his plea to certain indictments in order that he might suggest to the Court that the indictments were not true bills. More specifically, he desired to show "that no lawful admissible evidence had been submitted or presented to the Grand Jury." Relying on texts and case law quoted at length in the opinion, we sustained the ruling below and held that in this jurisdiction courts are not authorized to inquire into the sufficiency of the evidence on which the grand jury acted. Such, we believe, is the better rea-

soned rule adhered to by a majority of those appellate tribunals which have had occasion to pass upon the issue.

### Points 2, 3 and 4

"2. The Court erred in denying defendant's motion for acquittal made at the conclusion of the evidence.

3. The verdict is contrary to the weight of the evidence.

4. The verdict is not supported by substantial evidence."

■ These points may be considered together. No useful purpose will be served by summarizing the evidence adduced by the State. Suffice it to say that the circumstantial evidence proven by the State was such as to warrant a finding by the jury of guilt beyond a reasonable doubt.

### Point 5

"The Court erred in admitting in evidence the shoes presented by the State."

■ The jury could rationally conclude on the basis of proven facts that entrance into complainant's home was gained by breaking a window, that tracks in the snow outside this window were made by the person making the unlawful entry, that these tracks were distinctive in that they showed the impression of a heel within a heel, and that the person making the entry was the operator of a "dark" car. The shoes admitted into evidence were found in the locked trunk of a "dark" blue automobile which had been in the possession of the respondent and had on the day before the discovery of the shoes been traded by him to the dealer on whose premises the automobile was found. Although there was no specific proof that the shoes were owned or had been worn by the respondent, the evidence disclosed that the measure of the shoes was identical with the measure of the tracks and the metal cleats on the heels would produce the impression of a heel within a heel found in the tracks. There was also proof that defendant's finger print was found on the frame of the broken window. The admissibility of the shoes in evidence must be determined in the light of all attendant circumstances and the permissible inferences which might be drawn therefrom.

■ We think the applicable rule was correctly stated in 29 Am.Jur.2d 315, Sec. 266 in these terms: "In criminal cases, all facts tending to elucidate the matter at issue which are referable to the point in issue, * * * tend to establish a chain of circumstantial evidence in respect of the act charged, are admissible. It is necessary only that they tend to prove the issue *or constitute a link in the chain of evidence.*" (Emphasis ours) So here the shoes are linked by rational inference to the defendant both by his possession of the automobile and by the track leading to the window upon which he left his identifying mark. There was no error in admitting the shoes into evidence. The weight to be given to the evidence was of course for the jury.

### Point 6

"The Court erred in admitting in evidence testimony of William Pearson of the State Police in that he was an expert when his qualifications did not justify such a finding."

■ "Whether a witness called as an expert possesses the necessary qualifications is a preliminary question for the court. The decision is conclusive unless it clearly appears that the evidence was not justified or that it was based upon some error of law." State of Maine v. Wardwell, (1962) 158 Me. 307, 318, 183 A.2d 896. The witness disclosed special training in fingerprint comparison and familiarity with the subject matter not possessed by the ordinary person. This was the first occasion on which he

had qualified and given testimony as an expert witness. That fact alone, although emphasized by the defendant, would not require disqualification since there must necessarily be a first occasion for every expert witness. The witness clearly and competently demonstrated fifteen points of comparison between the print found on the window at point of entry and a print of defendant's finger taken from the police files. The jury were justified in concluding that the two prints were made by the same person. No error is shown.

Appeal denied.