**STATE of Maine**

v.

**Caroline PERKINS.**

Supreme Judicial Court of Maine.

March 31, 1971.

Ronald E. Ayotte, County Atty., Paul L. Hazard and Wayne E. Murray, Law Students, Alfred, for plaintiff.

Roger S. Elliott, Saco, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This case comes before us on Report. The Defendant was arrested on November 19, 1969, for the offense of breaking and entering with intent to commit larceny, and on December 17, 1969, was bound over to the January 1970 Term of the Superior Court, York County. On December 23, 1969, the Defendant filed a motion in the Superior Court for the suppression of evidence before the Grand Jury "and or before the Superior Court * * *", alleging the violation of certain of the Defendant's constitutional rights during a "line-up" held for the purpose of identification by a witness to the alleged crime. On that same day, Defendant's Counsel wrote the Clerk of Courts enclosing the motion and stating: "[T]he Motion must be heard prior to this matter being submitted to the Grand Jury." The motion was not heard and the Grand Jury, on January 8, 1970, indicted the Defendant for a violation of 17 M.R.S.A. Sec. 754. On March 7, 1970, the Defendant filed a motion to dismiss the Indictment because "[T]he Defendant was indicted by said Grand Jury * * *, by use in part of the evidence sought to be suppressed by the Motion, and without the Motion having been determined by this Court prior to the Grand Jury action." On March 9, 1970, a hearing was held, at which the "line-up" procedure was described, and the Justice below ruled on both the original motion to suppress and the later motion to dismiss. Although the record before us indicates that the Justice reported only his denial of the motion to suppress evidence, the Points on Appeal include the correctness of his denial of the motion to dismiss the indictment. Both issues were briefed and argued as though included in the scope of the Report.

We can deal with the denial of the motion to dismiss the indictment rather summarily by repeating what was said in State v. Fitzherbert (1969), Me., 249 A.2d 760 "[I]n this jurisdiction courts are not authorized to inquire into the sufficiency of the evidence on which the grand jury acted." We have no rule or statute which allows such an inquiry, nor do we feel inclined to do so by judicial fiat. In any event, there is nothing in the record either here, or before the Justice below, that even suggests the evidence sought to be suppressed was, in fact, heard by the Grand Jury.

On the issue of suppression of prospective Superior Court testimony, certainly M.R.Crim.P. Rule 41(e) cannot be used as authority for the Motion. The ultimate purpose here was to suppress "in court" identification of the Defendant because an alleged improper "line-up" procedure had been used in aid of this prospective evidence. Rule 41(e), supra, deals only with *property* illegally seized, should not be extended by implication to include general problems of testimonial admissibility.

Nor does a motion to suppress evidence fall within the scope of M.R.Crim.P. Rule 12(b) (1) or (b) (2). Rule 12(b) (2) reaches defects in the process which must be raised by appropriate motion, or be considered waived. Rule 12(b) (1) is applicable to defenses capable of deter-

mination without a trial of the general issue, but which are not waived by failure to raise the issue prior to trial. Reporter's Notes, M.R.Crim.P., at 107. See, also, Moore's Federal Practice, Vol. 8, Sec. 12.02 (1). The basic purpose of Rule 12, supra, and, likewise, the comparable Fed.R.Crim. P. 12, was to abolish archaic procedural forms of raising defenses and objections to the indictment, and to allow these defenses to be by an appropriate motion. A motion to suppress prospective testimony does not fall within the contemplated range of this Rule.

We do not suggest that the trial judge may not hold a preliminary hearing on the admissibility of certain testimony in order to expedite a trial, and make rulings thereon, such a procedure being purely discretionary on his part.

On the Record before us we find no issue of law involved in the order appealed from which requires a determination prior to trial. We hold that the matter was improvidently reported. M.R.Crim.P. Rule 37A.

The entry is

Report discharged

Case remanded.