STATE of Maine

v.

David A. VOSE.

Supreme Judicial Court of Maine.

June 28, 1979.

Henry N. Berry, III, Dist. Atty., John H. Montgomery, III (orally), Asst. Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, for plaintiff.

Berman, LeBlanc, Pallas & Clark by Ray R. Pallas, Westbrook (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ., and DUFRESNE, A. R. J.

PER CURIAM.

Appellant appeals from a judgment entered on a jury verdict of *"guilty"* of a charge of violation of 17–A M.R.S.A. § 1103.

Prior to appellant's arrest, the Portland Police Department had applied for and received a warrant authorizing a search of an apartment occupied by the appellant and his girlfriend. A search conducted pursuant to this warrant resulted in the seizure of eight pounds of marijuana and six thousand nine hundred dollars ($6,900) in cash.

A complaint charging the offense was entered in the District Court on March 28, 1978. The case was transferred to the Superior Court on May 8, 1978. Notice of trial was given counsel on December 20, 1978. Trial was scheduled for January 10, 1979.

On January 3, 1979, a motion labeled *"For Return of Property and to Suppress Evidence Pursuant to the Maine Rules of Criminal Procedure, Rule 41E"* was filed with the Clerk of Courts. On January 4, 1979, a motion was filed in the office of the Clerk of Courts labeled *"Motion to Amend Motion to Suppress."*

Admittedly after depositing these two motions in the Office of the Clerk, defendant did nothing further to obtain a ruling thereon or to bring them to the attention of any Justice of the Superior Court.

On January 10, 1979, the date scheduled for trial, defendant for the first time called the existence of the two motions to the attention of the Justice presiding. Both motions were denied as having been waived. The correctness of a denial of motions to suppress is the sole issue raised by this appeal.

On September 29, 1978, this Court certified its decision in *State v. Bishop,* Me., 392 A.2d 20. The decision, 392 A.2d at 24, said

"we hold that enforcement of Rule 41(e) adopted herein will apply only to prosecutions hereafter commenced and pending prosecutions in which reasonable time remains to permit the suppression motion to be made, heard and ruled upon without delaying the start of a scheduled trial."

Earlier in the opinion the Court had made it clear it interpreted Rule 41(e), Maine Criminal Rules of Procedure to mean a Motion to Suppress *had to be made before trial* or hearing, or objections made to the use of physical evidence would be considered, waived unless.

   (1) opportunity for such motion did not exist; or

   (2) defendant was not aware of the grounds for the motion.

In this case the defendant should have known since September 29, 1978 that unless he could fall within one of the two exceptions above, *he was required* to file a Motion for Suppression of the Evidence seasonably. Instead he waited until seven days on the one motion and six days on the other before scheduled trial date to even file a motion with the Clerk. Thereafter he did absolutely nothing to make the Court aware of the existence of such a motion or to seek its assignment of a hearing date.

The first time he ever asked the Court to hear and rule on his motions was the morning of January 10, the very day the trial was scheduled to commence.

Counsel should realize that the mere filing of a motion with the Clerk does not suffice to bring the motion forward for adjudication. In the instant case there was no claim made that the Clerk of Courts was ever asked to bring the motion to the attention of any Judge or to place it on any list for hearing. The responsibility for arranging to have the motion heard was the defendant's and the defendant's alone. It was not the responsibility of the Clerk.

In the circumstances of this case the presiding Justice's ruling that the objection to the use of the seized evidence in the trial was waived, was the only ruling which could reasonably have been made.

The entry must be:

Appeal denied.

Judgment affirmed.

GODFREY, J., sat at oral argument, but participated no further.