STATE of Maine

v.

Dawrence TAYLOR.

Supreme Judicial Court of Maine.

Argued Nov. 12, 1981.

Decided Jan. 5, 1982.

Janet Mills, Dist. Atty., Neria R. Douglass, Asst. Dist. Atty. (orally), Farmington, for plaintiff.

Paul K. Marshall (orally), Kingfield, for defendant.

Before McKUSICK, C. J., ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

The defendant, Dawrence Taylor, was convicted in Superior Court, Franklin County, of operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312.[1] Taylor appeals on the ground that the initial investigatory stop of his vehicle by the arresting officer was not justifiable under 4th–14th Amendment strictures as outlined in *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968), in that the officer could not point to any specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted suspicion of criminal conduct on the part of the operator of the reference vehicle. *See State v. Rand*, Me., 430 A.2d 808, 819 (1981). Because the defendant failed to pursue a timely suppression motion before trial as required by M.R.Crim.P., Rule 41(e), we deny the appeal.

Taylor was arrested on January 31, 1981, at about 3:10 o'clock in the morning. The arresting officer, Joseph Roy Gallant, testified that he was driving south on Route 27 in the Town of Kingfield, when Taylor's vehicle approached from the opposite direction and signaled for a left turn into West Kingfield Road at the T intersection which said ways present at that point. Trooper Gallant stated that, although the left turn into West Kingfield Road could have been negotiated in ample time before the police car reached the intersection, the vehicle just sat stationary in the road. Intent on ascertaining if everything was all right, Officer Gallant pulled alongside to inquire of the driver if he had any problem.

Believing from his observation of the man's demeanor that he was intoxicated, the officer told Taylor to "wait right here." The trooper then turned his vehicle around and pulled behind the defendant's car. Upon further investigation of Taylor as he sat behind the wheel of his car, Gallant placed him under arrest, ordered him to take a seat in the cruiser and proceeded to obtain from the defendant incriminating statements following the giving of *Miranda* warnings. A subsequent breath test to determine blood-alcohol level showed upon analysis 0.21% by weight of alcohol in the defendant's blood.

The District Court complaint dated February 17, 1981, was ordered transferred on request and reached the docket of the Superior Court on February 20, 1981, where it was amended for some technical error. On March 24, the attorney for the State, pursuant to M.R.Crim.P., Rules 16(a) and 16(b), filed in court, with copies to the defendant's attorney, the responsive information. These discovery communiques gave notice of the results of the breath test and of the prosecutor's intent to use the results at trial along with Taylor's oral statements to Officer Gallant.

On April 28, 1981, after the jury had been selected and sworn, the defendant's counsel was permitted to conduct a voir-dire examination of Officer Gallant outside the presence of the jury, at the end of which, over the State's objection, he moved to suppress the results of the breath test as fruits of an illegal search and seizure. Although the State was objecting on the ground that the defendant should have made this motion weeks before, after receiving the discovery information, the court heard the motion on its merits and denied it. The matter has now been brought before us on appeal.

■ Rule 41(e), M.R.Crim.P., requires that motions for suppression for use as evidence and for the return of illegally seized

---

1. Effective September 18, 1981, section 1312 of title 29 was amended in many particulars with which we need not concern ourselves. *See* Public Laws, 1981, c. 468.

*property* be made before trial.[2] In *State v. Bishop*, Me., 392 A.2d 20 (1978), we held that a motion to suppress is waived, if not made before trial. In the present case, the motion was not made until the morning of trial. This was too late. *State v. Vose*, Me., 402 A.2d 869, 870 (1979).

It is true that Rule 41(e) speaks of illegally seized "property" to be returned to the person aggrieved by the unlawful search and seizure unless otherwise subject to lawful detention. We do realize that the blood or breath samples underlying the results of their chemical analysis may not have been contemplated by the drafters of our criminal rules as returnable property within the meaning of the term "property" as defined in Rule 41(g) "to include documents, books, papers and any other tangible objects." Nevertheless, we hold that such evidence is subject to the provisions of Rule 41(e).

The strong policy reasons underlying the mandatory feature of Rule 41(e), which requires the filing and disposition, prior to trial, of motions to suppress for use as evidence any "property" illegally obtained, were extensively enumerated in *State v. Bishop, supra*, at 22. It may be said in succinct form that the rule serves the interests of expeditious judicial administration in promoting the orderly presentation of evidence at trial and to eliminate unjustifiable expense and delay (Rule 2, M.R.Crim. P.). It is a sound device to safeguard the purity of the trial in preventing jury exposure to unconstitutionally obtained or otherwise illegal evidence. It is a valuable procedural mechanism to the defendant and the prosecution in facilitating preparation for trial by furnishing advance rulings on the admissibility of evidence which may be essential in planning trial strategy or conducting plea negotiations. *See also State v. Barlow*, Me., 320 A.2d 895, 903 (1974). *Cf. State v. Perkins*, Me., 275 A.2d 586, 587 (1971).

We have indicated in *State v. Shanahan*, Me., 404 A.2d 975, at 979, n. 6 (1979) and in *State v. Simoneau*, Me., 402 A.2d 870, at 872, n. 4 (1979), that this Court has not, as yet, decided the question whether our ruling in *State v. Bishop, supra*, that a motion to suppress physical evidence must be made before trial under penalty of waiver if not so presented, should be extended to motions to suppress testimonial evidence obtained in violation of rights guaranteed by the 5th–14th Amendments to the Constitution of the United States. Again, we need not address that issue in this case, for the reason that the taking of the defendant's breath and the admission in evidence of the results of its scientific analysis are not considered "testimonial" or "communicative" evidence protected by the 5th–14th Amendment. The constitutional terms "do not apply to evidence of acts non-communicative in nature as to the person asserting the privilege, even though, as here, such acts are compelled to obtain the testimony of others." *Schmerber v. California*, 384 U.S. 757, 761, n. 5, 86 S.Ct. 1826, 1830, n. 5, 16 L.Ed.2d 908 (1966).

In *State v. Bellino*, Me., 390 A.2d 1014 (1978), we sanctioned the use of the pretrial motion to suppress for use as evidence at trial the results of a blood alcohol test performed on a sample of blood extracted from the defendant's body to probe the defendant's claim that the blood test results were obtained in violation of specific statutory prerequirements. Although such scientific results of a chemical analysis of blood or breath for alcohol content in the blood may not be strictly "property" within the scope of that term as used in Rule 41(e), M.R. Crim.P., it is in the nature of "real or physical evidence" (*see Schmerber v. California, supra*, 384 U.S., at 764, 86 S.Ct., at 1832), the same as tangible personal property is. Similar public policy reasons as enunciated in *State v. Bishop, supra*, exist to compel adjudication of the admissibility of

---

**2.** Rule 41(e), M.R.Crim.P. provides in pertinent part:

    .     .     .     .     .

   The motion shall be made before trial or hearing unless opportunity therefor did not ex-

ist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing. ....

blood or breath test results in advance of trial. We hold that Rule 41(e), as interpreted in *Bishop*, is fully applicable to this case.[3]

*Bishop* and Rule 41(e) recognize two exceptions to the rule that motions to suppress must be made before trial, but neither applies here. The first exception is that the motion may be made at trial, when there has been insufficient opportunity to make it earlier or the defendant has not had notice of the evidence to be introduced. 392 A.2d at 23. In *Bishop*, we observed that this exception is unlikely to have much applicability under the "automatic discovery" requirement of M.R.Crim.P., Rule 16(a), requiring the State automatically to disclose to the defendant, among other things, evidence obtained as a result of search and seizure. In this case, a discovery form was filed, more than a month before trial, indicating that the State would rely on Officer Gallant's testimony and on the breath test. At oral argument, defendant's counsel protested to us that he did not receive the discovery materials until more than a week after they were filed. But this still left three weeks before trial; defendant, therefore, had ample notice of the evidence the State planned to use, and should have moved to suppress it before trial. Counsel also advised us at oral argument that the police report he received did not make it clear whether there had been reasonable cause for the stop and, therefore, an examination of Officer Gallant was necessary. But this examination could have been conducted at a pretrial motion hearing as easily as at trial.

The other exception recognized by *Bishop* and Rule 41(e) is that the suppression motion may be made at trial, if the judge in his discretion permits it. The judge permitted the motion here and entertained it on its merits. We said in *Bishop*:

> This exception ... does not permit such action by the presiding justice at will, without his discretion being subject to review for principled exercise. There

must be good cause shown to authorize such a departure from the customary rule.

392 A.2d at 23. A good cause might be the availability of witnesses at trial but not before. *Id.* In this case, there was no cause shown below, or, if there was, it does not appear in the record. Defense counsel, who argued both the motion and this appeal, informed us at oral argument that he argued good cause to the trial judge at a bench conference. There appears to be no transcript of this conference, and counsel has not been able to tell us what his good cause was, except for the alleged inadequacies in the State's discovery materials. We have already found that these inadequacies, if such they were, did not excuse the defendant from his responsibility to move for suppression before trial.

■ Under the instant ruling, the defendant is deemed to have waived his right to have the evidence of the breath test results suppressed, because he did not move for its suppression prior to the trial. Under such circumstances, where the objection to evidence was not made timely in the proceedings below, the only issue pertinent to our present inquiry is, whether the admission at trial of the breath test results constituted manifest error. We answer in the negative.

We have said that manifest error exists when the record shows that a defendant-appellant was deprived by the alleged error of a fundamentally fair trial to which he is constitutionally entitled. *State v. Desjardins*, Me., 401 A.2d 165, 170 (1979); *State v. Doughty*, Me., 399 A.2d 1319, 1326 (1979); *State v. Pomerleau*, Me., 363 A.2d 692, 698 (1976). *See also State v. True*, Me., 438 A.2d 460, 467–469 (1981).

After review of the entire record, we find that the admission in evidence of the breath test results, the probative value of which is unchallenged, did not rise to the level of manifest error, if error there was.

---

**3.** In so doing, we intimate no opinion, whether our ruling in *State v. Bishop*, 392 A.2d 20 (1978), should be extended to the suppression of criminal records for impeachment purposes. *Cf. State v. Gagnon*, Me., 383 A.2d 25, 27 (1978).

We have no occasion to pass upon the contention that the stopping of the defendant's vehicle, whenever deemed to have occurred, was illegal as a violation of 4th–14th Amendment rights. As in *State v. French*, Me., 357 A.2d 888, 889 (1976), a case of operating a motor vehicle while under the influence of intoxicating liquor, we indicate no opinion as to what our decision would be, if objection had properly been made on a motion to suppress timely pursued prior to trial.

Therefore, the entry will be:

Appeal denied.

Judgment affirmed.

All concurring.