STATE of Maine

v.

Bruce DYER.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 8, 1992.

Decided Oct. 13, 1992.

Janet Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty., Auburn, for plaintiff.

Allan E. Lobozzo, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Bruce Dyer appeals his conviction of operating a motor vehicle after having been declared an habitual offender, 29 M.R.S.A. § 2298 (Pamph.1991) *amended by* P.L. 1989, ch. 866, § B–22 (effective July 14, 1990) & P.L.1991, ch. 293, §§ 4, 5 (effective. Oct. 9, 1991), following a jury trial in Superior Court (Androscoggin County, *Alexander, J.*). Dyer contends that the Superior Court abused its discretion when it denied his motion to extend the time within which he could file a motion to suppress, and that the evidence demonstrating the notice to him of his status as an habitual offender was insufficient. We affirm the conviction.

■ On July 10, 1989, Dyer was stopped by a police officer because the vehicle he was operating did not have a front bumper or a rear license plate. The stop led to Dyer's arrest for operating a motor vehicle after having been declared an habitual offender. Dyer was indicted on September 27, 1989. On two occasions, he discharged attorneys appointed to represent him, first in March 1990, and again in June 1990. On June 18, 1990, he obtained another court-appointed counsel and was granted a motion to continue his previously-scheduled trial to allow the new attorney time to prepare for trial. The court denied his July 3, 1990 motion to extend the time to file a motion to suppress, however, noting that Dyer's motion was untimely and not finding any good cause to grant an extension.

A motion to suppress evidence is required to be made within 21 days after the entry of a plea. *See* M.R.Crim.P. 41A(b) and 12(b)(3); 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 41A.4 (rev. ed 1992); *see also State v. Bishop*, 392 A.2d 20, 22 (Me.1978) (suppression hearings should be held prior to trial). Dyer's motion was filed many months after the 21–day period had expired. Dyer contends that his newly appointed attorney's review of the case disclosed a sufficient basis for

the filing of the motion and that the court's denial of the motion was an abuse of discretion. We are unpersuaded by Dyer's contention. The trial court found that there was insufficient good cause shown to justify the requested extension. We discern no error in that determination. *See State v. Philbrick*, 481 A.2d 488, 492 (Me. 1984); *Bishop*, 392 A.2d at 23.

■ Dyer does not dispute the evidence produced by the State at trial that notice of the revocation of Dyer's right to operate was sent to the last address shown on the records of the Secretary of State, in accordance with 29 M.R.S.A. § 2298(1)(D), the notice provision in effect at the time of the *offense.*[1] Nor does Dyer dispute that that version was complied with. Rather, he contends that the State should be required to prove that notice was given to Dyer in accordance with the statutory requirement effective at the time of *trial*, namely, that notice was sent to the last known address provided by Dyer to the Secretary of State. *See* 29 M.R.S.A. § 2298(1)(D) (Pamph.1991).

1 M.R.S.A. § 302 provides in pertinent part:

> The ... amendment of an Act ... does not affect any punishment [or] penalty ... incurred before the ... amendment takes effect, or any action or proceeding pending at the time of the ... amendment, for an offense committed ... under the Act[.]

This offense occurred on July 10, 1989. Dyer was indicted on September 27, 1989, and convicted on July 12, 1991. The amendment to section 2298(1)(D) requiring that notice be sent to the last known address provided by the habitual offender to the Secretary of State was not effective until July 14, 1990, and therefore does not apply to this case. *See DeMello v. Department of Envtl. Protection*, 611 A.2d 985 (Me.1992) (absent clear legislative mandate

to the contrary, amendments not applicable to any action pending on effective date of amendment). The evidence of notice was sufficient.

Other contentions of Dyer are without merit and require no discussion.

The entry is:

Judgment affirmed.

---

1. In 1986, when the notice of revocation of Dyer's right to operate was sent to the last address shown on the records of the Secretary of State, section 2298 had no notice requirement. By P.L.1987, ch. 591, in effect on the date of this offense, notice was required to be sent to the last address shown on the records of the Secretary of State. In P.L.1989, ch. 866, § B–22, effective July 14, 1990, long after the date of the offense in this case, the notice provision was further amended to require that notice be sent to the last known address provided by the person to the Secretary of State as required by 29 M.R.S.A. § 546. Dyer apparently never provided his new address to the Secretary of State.