2002 ME 5

**STATE of Maine**

v.

**David KENNEDY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 10, 2001.
Decided: Jan. 7, 2002.

---

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Steven J. Lyman, Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] David Kennedy appeals from the judgment entered in the Superior Court (Penobscot County, *Warren, J.*) affirming a judgment of conviction entered in the District Court (Bangor, *Gunther, J.*) following Kennedy's trial on the charge of operating under the influence (Class D) in violation of 29–A M.R.S.A. § 2411 (1996).[1] Kennedy argues that there is not a sufficient factual basis on which the arresting officer could form the opinion that Kennedy was driving while intoxicated and that the court erred by admitting into evidence the results of an intoxilyzer test. We affirm the judgment.

[¶ 2] The testimony at trial and the procedural history of the case may be summarized as follows: At approximately 11:50 P.M., on October 26, 1999, Officer Brent Beaulieu of the Bangor Police Department noticed a vehicle pull out of a parking lot, proceed in the wrong direction on a one-way street, and then speed across the Joshua Chamberlain Bridge, exceeding the speed limit by twenty miles per hour. Beaulieu followed the vehicle and activated his blue lights. The vehicle stopped.

[¶ 3] Beaulieu identified David Kennedy as the driver of the vehicle. He noticed that Kennedy's movements were lethargic and that his speech was slurred when he

---

1. Section 2411 provides in part:
    **1. Offense.** A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:
    **A.** While under the influence of intoxicants; or
    **B.** While having a blood-alcohol level of 0.08% or more.
    29–A M.R.S.A. § 2411(1).

asked to see Kennedy's driver's license. Beaulieu could smell liquor coming from the vehicle. As Kennedy exited the vehicle, Beaulieu noticed that Kennedy was uneasy on his feet and that he walked with a slight stagger. Beaulieu also observed that Kennedy had difficulty completing several sobriety tests.

[¶ 4] As a result, Beaulieu arrested Kennedy and transported him to the Bangor police station for an intoxilyzer test. Beaulieu testified that he was certified to administer the intoxilyzer test, that he waited the appropriate period of time before he conducted the test, that Kennedy blew a good sample into the intoxilyzer machine, that the intoxilyzer machine had been tested by the Department of Human Services, that the testing was up to date, and that the intoxilyzer test result was 0.19%.

[¶ 5] Kennedy was tried on one count of operating under the influence in the District Court. At trial, Beaulieu identified a copy of the intoxilyzer test result that the State offered as evidence. Kennedy objected to the admission of the test result because Beaulieu had not signed the certification on the result and had it notarized. Kennedy did not raise any challenges to the substantive reliability of the test results. The District Court overruled the objection and admitted the test result because Beaulieu had personally administered the test and was present to testify. The court found Kennedy guilty.[2] Following the Superior Court's affirmance of his conviction, Kennedy filed the present appeal.[3]

■ [¶ 6] Kennedy first contends that Beaulieu did not have a sufficient basis

from which to form the opinion that Kennedy was driving while intoxicated. Kennedy's challenge, however, is untimely and must be denied. Rule 41A(b) of the Maine Rules of Criminal Procedure, read in conjunction with Rule 12(b)(3) requires that motions to suppress be filed within 21 days after entry of a plea. M.R. Crim. P. 41A(b); M.R. Crim P. 12(b)(3). A party failing to comply with these time requirements loses the right to file the motion. *See State v. Taylor*, 438 A.2d 1279, 1280–81 (Me.1982) (construing former Rule 41(e)); *State v. Bishop*, 392 A.2d 20, 22 (Me.1978) (same). Nonetheless, the court has discretion to entertain an untimely motion when the party shows good cause. M.R. Crim. P. 41A(b).

[¶ 7] In the present case, Kennedy did not file a motion to suppress within the 21 day limit, nor did he ask the court to exercise its discretion to allow an untimely motion. Kennedy makes no attempt, even on appeal, to show good cause for his delay. Accordingly, he cannot challenge the legality of the arrest and seek to suppress the intoxilyzer results. Moreover, even if a timely motion had been filed, we discern no basis for suppression of the evidence Kennedy challenges.

■ [¶ 8] Kennedy also contends that Beaulieu's testimony was not sufficient to establish the reliability of the intoxilyzer test result. If Beaulieu had certified the test result, his certification, by statute, would have been prima facie evidence that

(1) The person taking the specimen was authorized to do so;

(2) Equipment, chemicals and other materials used in the taking of the specimen were of a quality appropriate for

---

2. Kennedy was sentenced to fourteen days in the Penobscot County Jail, ordered to pay $600 in fines, and had his license suspended for ninety days.

3. We review the decision of the trial court directly when, as here, the Superior Court acts as an intermediate appellate court. *State v. Black*, 2000 ME 211, ¶ 13, 763 A.2d 109.

the purpose of producing reliable test results;

(3) Equipment, chemicals or materials required to be approved by the Department of Human Services were in fact approved;

(4) The sample tested was in fact the same sample taken from the defendant; and

(5) The blood-alcohol level or drug concentration in the blood of the defendant at the time the sample was taken was as stated in the certificate.

29–A M.R.S.A. § 2431(2)(C) (1996). Kennedy contends that because Beaulieu did not certify the result, the result could only have been admitted if the State had shown that it satisfied each "requirement" of section 2431(2)(C). Kennedy argues that Beaulieu's testimony did not address any of the "requirements" of section 2431(2)(C), and, therefore, the result should not have been admitted. We disagree.

[¶ 9] Beaulieu testified that he was certified to administer the intoxilyzer test, that he waited the appropriate period of time before he conducted the test, that Kennedy blew a good sample into the intoxilyzer machine, that the intoxilyzer machine was DHS approved, that the testing was up to date, and that the test result was .19. This testimony addresses the substance of each subsection of section 2431(2)(C). Moreover, subsections (1) through (5) of section 2431(C) do not establish specific findings that are "required" as a prerequisite to admission of an intoxilyzer test result. Rather, they provide an evidentiary basis for the admission of an intoxilyzer result without the need for the testimony of the officer when that result is certified.

[¶ 10] Finally, Kennedy's failure to raise at trial any potential defect in the foundation that Beaulieu's testimony provided for the admission of the intoxilyzer result prevents him from doing so on appeal. Rule 103(a) of the Maine Rules of Evidence provides that "[e]rror may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, stating the specific ground of objection." M.R. Evid. 103(a)(1).

The rationale of the requirement is that the judge should be able to rule advisedly, making him or her less likely to err or enabling the judge to correct an error already made, and thus lessen the chance of reversible error. A further purpose is to give the opposing party an opportunity to obviate the defect if that can be done.

Peter L. Murray, Maine Evidence 7 (2000 ed. 1999). Although Kennedy did object to the admission of the test result because it had not been certified, his objection was not based on any alleged defect in the foundation that Beaulieu's testimony provided for its admission. If Kennedy had objected because of a lack of foundation, the State would have had the opportunity to address any defect as to foundation.

The entry is:

Judgment affirmed.