STATE OF MAINE
*vs.*
ARTHUR STECKINO, JR.

Androscoggin.    Opinion, May 24, 1962.

*Laurier T. Raymond, Jr., Asst. County Attorney,*

for state.

*John A. Platz,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., did not sit.

SIDDALL, J.  On exceptions.  The respondent was found guilty in the Superior Court for Androscoggin County of the crime of operating an automobile while under the influence of intoxicating liquor.  The case came here on two exceptions:  (1) To the refusal of the presiding justice to suppress the evidence offered by the arresting deputy sheriff, (2) to the refusal of the presiding justice to direct a verdict for the respondent.

An agreed statement of facts contained in the record discloses that the arresting officer, a deputy sheriff, not in uniform, was operating his personal motor vehicle along the streets in Auburn.  The respondent was also operating his motor vehicle in the same area.  At a street intersection the officer illuminated his flashing dome signal and halted the respondent's vehicle after following it for a short distance. The officer introduced himself to the respondent as a deputy sheriff, arrested the respondent and charged him with the crime for which he was convicted.  The officer wore no uniform.  He wore a badge pinned to his inner shirt and underneath his opened outer jacket.  The badge may or may not have been visible to the respondent.

At the hearing below the officer identified the respondent and gave evidence of the operation of the automobile by him.  He also related his observations as to the respondent's physical coordination and expressed an opinion as to the respondent's condition of sobriety.  The basis for this testimony of the officer was the result of information obtained by him after halting and arresting the respondent.  At the

conclusion of the officer's testimony, the respondent moved to suppress all of the evidence offered by the officer on the ground that the evidence was unlawfully obtained, and that its admission constituted a denial of due process of law to the respondent. Upon denial of this motion, exceptions were taken by the respondent. At the close of all evidence, respondent moved for a directed verdict on the ground that he could not be found guilty beyond a reasonable doubt on the basis of the competent and admissible evidence in the case. Exceptions were apparently taken to the denial by the presiding justice of this motion of the respondent, although the record does not disclose such action. We must assume that if the officer's testimony was admissible there was sufficient evidence to justify the verdict of the jury.

The respondent claims that the officer, not being in uniform was acting contrary to the law prescribing his duty, and that the evidence obtained by him under such circumstances is inadmissible.

R. S., 1954, Chap. 147, Sec. 4 provides, *inter alia,* that a deputy sheriff shall arrest and detain persons found violating any law of the state until a legal warrant can be obtained.

R. S., 1954, Chap. 89, Sec. 151, provides that a sheriff shall require his deputies, while engaged in the enforcement of the provisions of R. S., 1954, Chap. 22, Sec. 153, to wear a uniform sufficient to identify themselves as officers of the law.

The pertinent provisions of R. S., 1954, Chap. 22, Sec. 153, read as follows:

> **"Police officers in uniform may stop motor vehicles for examination; may examine stationary vehicles.** —All police officers in uniform may at all times, with or without process, stop any motor vehicle to examine identification numbers and marks thereon, raising the hood or engine cover if necessary to ac-

complish this purpose, and may demand and inspect the driver's license, registration certificate and permits.

It shall be unlawful for the operator of any motor vehicle to fail or refuse to stop any such vehicle, upon request or signal of any officer whose duty it is to enforce the motor vehicle laws when such officer is in uniform."

\* \* \* \* \*

"Any such officer may in like manner and under like circumstances examine any vehicle to ascertain whether its equipment complies with the requirements of this chapter."

R. S., 1954, Chap. 22 is composed of some 166 sections. It sets forth the laws of this state relating to the use of motor vehicles, and defines and provides penalties for motor vehicle violations.

Section 153 of that chapter is the only section that requires an officer to be in uniform. That section obviously deals with stopping and examining vehicles for the purpose of determining identification numbers or marks and for the inspection of the driver's license, registration certificate and permits. It also permits an officer in uniform to stop a vehicle and examine it to ascertain whether its equipment complies with the requirements of law. The necessity of wearing a uniform is limited to the purposes set forth in this section. The record discloses that the officer was not performing any of the duties enumerated therein. We may assume that the officer followed the respondent because he was suspicious of the manner of his driving. He stopped the vehicle, and, after talking with the respondent and observing his condition, arrested him for driving under the influence of intoxicating liquor. He had a right and the duty to arrest the respondent by virtue of R. S., 1954, Chap. 147, Sec. 4, set forth above. He was not required to be in uniform, and his testimony was rightfully received.

We do not attempt to rule on the admissibility of evidence obtained by an officer not in uniform, but in the performance of duties prescribed in Section 153.

The entry will be

*Exceptions overruled.*

*Judgment for the State.*