STATE of Maine

v.

Harold W. FRENCH.

Supreme Judicial Court of Maine.

May 25, 1976.

testimony which the officer gave as to appellant's condition was inadmissible and should have been excluded.

The evidence indicates the arresting officer received a radio call from the police dispatcher suggesting that the officer be on the lookout for appellant's vehicle as he was suspected of operating his motor vehicle after his license to do so had been suspended. Shortly after receiving the radio call, the officer spotted the appellant driving his vehicle. After following it a short distance, during which he saw nothing untoward, the officer brought appellant's vehicle to a halt. Thereafter, he smelled intoxicating liquor and observed the appellant's actions. Following this, he placed the appellant under arrest for operating a motor vehicle while under the influence of intoxicating liquor.

The State contends there is no requirement of probable cause to stop the car for limited investigative detention. The State argues that the probable cause for the arrest resulted from the observations the officer made after the car was stopped.

Joseph M. Jabar, Dist. Atty., Augusta, J. William Batten, Asst. Dist. Atty., Waterville, for plaintiff.

Wathen & Wathen by Malcolm L. Lyons, Augusta, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

Appellant stands convicted on a plea of not guilty of the charge of operating a motor·vehicle while under the influence of intoxicating liquor (29 M.R.S.A. § 1312). Judgment of guilty was entered upon such finding. This appeal was seasonably filed.

We deny the appeal.

Appellant's position is that the officer had no probable cause for stopping appellant's vehicle. As a result, he says, the

■ A short answer to appellant's contention is that he made no objection when the officer's testimony was offered in evidence. That being so, the argument appellant now raises must be viewed in the context of obvious error. M.R.Crim.P., Rule 52(b). *See, State v. Smith,* 140 Me. 255, 285, 37 A.2d 246, 259 (1944).

■ After review of the entire record we find no obvious error or defect affecting substantial rights.

■ We have no occasion to pass upon the argument that stopping of the appellant's vehicle was illegal. We indicate no opinion as to what our decision would be if the point had been saved. *See, Robinson v. United States,* D.C.App., 355 A.2d 567 (1976), 19 Cr.L. 2094; *see also, United States v. Solomon,* 528 F.2d 88 (9th Cir.

1975); *Wilson v. Porter,* 361 F.2d 412 (9th Cir. 1966); *State v. Steckino,* 158 Me. 186, 181 A.2d 247 (1962); 29 M.R.S.A. § 2121.

The entry must be:

Appeal denied.

All Justices concurring.

WEATHERBEE, J., sat at argument but died before the opinion was adopted.

DELAHANTY, J., did not sit.