STATE of Maine

v.

**Robert J. JOLIN.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1994.
Decided April 4, 1994.

---

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for the State.

Marvin Glazier, Terence M. Harrigan (orally), Vafiades, Broutas & Kominsky, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant Robert Jolin was convicted in the District Court (Bangor, *Russell, J.*) of operating a motor vehicle under the influence of intoxicating liquor. 29 M.R.S.A. § 1312 (1993). On appeal he contends that the evidence obtained by the arresting officer should have been suppressed because the officer exceeded her territorial authority under the so-called fresh pursuit statute. 30–A M.R.S.A. § 2671(2) (Supp.1992).[1] We decline to adopt a *per se* rule that would require the exclusion of evidence obtained in connection with an extraterritorial arrest. On the facts of this case, the District Court did not err in denying defendant's motion to suppress and we affirm the judgment.

The relevant facts may be summarized as follows: Officer Melissa Cunningham, a police officer on duty for the city of Brewer, was returning in her cruiser from a 4:00 a.m. coffee break in Bangor. While still in Bangor, she observed defendant's car traveling on Hancock Street with its headlights off. She watched the car swerve into a snowbank at the roadside, cross over its lane and into her lane, then drift back over and hit the snowbank again. When the car crossed into her lane a second time, she turned her cruiser around and followed defendant, who then made a wide turn onto Birch Street. Officer Cunningham turned on the cruiser's blue lights and stopped defendant. She arrested defendant for operating under the influence, and radioed the Bangor police department for assistance.

Because the arresting officer was outside her territory, defendant moved to suppress the fruits of the stop. After the

---

1. Officer Cunningham lacked authority to stop defendant under Maine's fresh pursuit statute which provides that:

> No police officer has any authority in criminal or traffic infraction matters beyond the limits of the municipality in which the officer is appointed, except to:
> A. Recapture a prisoner whom the officer has arrested and who has escaped;
> B. Take a person before the District Court;
> C. Execute a mittimus given to the officer by the District Court;
> D. Pursue a person who has gone into another municipality and for whose arrest the officer has a warrant;
> E. Arrest a person who travels beyond the limits of the municipality in which the officer is appointed when in fresh pursuit of that person. This paragraph applies to all crimes and traffic infractions. As used in this paragraph:
> (1) With respect to Class A, Class B and Class C crimes, the term "fresh pursuit" is defined in Title 15, section 152; and
> (2) With respect to Class D and Class E crimes and traffic infractions, "fresh pursuit" means instant pursuit of a person with intent to apprehend; or
> F. As provided for in section 2674.
> 30–A M.R.S.A. § 2671(2) (Supp.1992).

court denied his motion, defendant entered a conditional guilty plea pursuant to Me. R.Crim.P. 11, and now appeals. Defendant concedes that the officer had probable cause to arrest him. He argues, however, that the evidence should have been excluded because the extraterritorial arrest violates Maine's fresh pursuit statute, and because the violation of the statute renders the search and seizure unreasonable for purposes of the Fourth Amendment.[2]

■ Because defendant challenges a legal conclusion based on uncontroverted facts, we independently review the court's ruling. *State v. Enggass* 571 A.2d 823, 824 (Me.1990). It is undisputed that Officer Cunningham acted beyond the authority specified in the fresh pursuit statute. We have previously reviewed police conduct under the fresh pursuit statute, but have never been confronted with a violation of the statute.[3] We did, however, address the effects of an extraterritorial arrest in *State v. LeGassey,* 456 A.2d 366 (Me.1983). *LeGassey* involved a park ranger who exceeded his statutory authority by making an extraterritorial arrest, and did so in the absence of probable cause. *Id.* at 368. We held that the exclusionary rule applied in that case because of the absence of probable cause, but had no occasion to decide whether the exclusionary rule would apply to the fruits of an extraterritorial arrest made with probable cause. *Id.* at 367–368 & 367 n. 2. Courts are divided on this point. *Compare People v. Hamilton,* 666 P.2d 152, 157 (Colo.1983) (extra-territorial arrest based on probable cause is reasonable) *and City of Kettering v. Hollen,* 64 Ohio St.2d 232, 416 N.E.2d 598, 600 (1980) (evidence seized during extraterritorial arrest based on probable cause not suppressible solely because arrest is extraterritorial) *with United States v. Foster,* 566 F.Supp. 1403, 1412 (D.D.C.1983) (when officer acts beyond jurisdiction the resulting deprivation of liberty is just as unreasonable as an arrest without probable cause) *and Commonwealth of Pa. v. Fiume,* 292 Pa.Super. 54, 436 A.2d 1001, 1008 (1981) (evidence obtained from extraterritorial arrest must be suppressed).

■ We agree with those courts holding that evidence obtained from an extraterritorial arrest based on probable cause should not *per se* be excluded. Like those courts, however, we are sensitive to the abuses that could follow an intentional or premeditated disregard of territorial limits. *See People v. Wolf,* 635 P.2d 213, 217 (Colo.1981). "Law enforcement officers should not make excursions into other jurisdictions to ferret out crime . . . ." *Id.* Here the officer had probable cause to arrest defendant and her action was reasonable in light of the immediate need to prevent defendant from harming himself or others. Without delineating the precise point at which a violation of the fresh pursuit statute might trigger application of an exclusionary rule, we hold only that such a rule will not be applied on the facts of this case.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** As a matter of constitutional law, an exclusionary rule applies to violations of a defendant's Fourth Amendment right to be free from unreasonable searches and seizures. *Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961). This rule extends through the Fourteenth Amendment to Fourth Amendment violations by a State officer. *Id.* An unreasonable search or seizure is one made without probable cause. *Wong Sun v. United States,* 371 U.S. 471, 479, 83 S.Ct. 407, 412, 9 L.Ed.2d 441 (1963). Because Officer Cunningham had probable cause to arrest, the Fourth Amendment does not require application of an exclusionary rule.

**3.** *State v. Hatch,* 614 A.2d 1299, 1303 (Me.1992) (arrest outside of jurisdiction is lawful where reasonable suspicion arose within jurisdiction); *State v. Harding,* 508 A.2d 471, 472–473 (Me. 1986) (no suppression where officer left jurisdiction to investigate offense that occurred within jurisdiction); *State v. Monteith,* 519 A.2d 187 (Me.1986) (arrest lawful where officer instantly pursued possible OUI and arrested outside of jurisdiction); *State v. Carey,* 412 A.2d 1218, 1222 (Me.1980) (arrest outside jurisdiction valid where officer pursued defendant without unreasonable delay and had probable cause to arrest based on information obtained from witnesses within jurisdiction).