Michael P. Cantara, Dist. Atty., David Gregory, Alfred, for the State.

Matthew B. Nichols, Boulos & Gardner, Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

**STATE of Maine**

v.

**David LEMIEUX.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1995.

Decided July 13, 1995.

The State appeals from the order of the District Court (Biddeford, *Humphrey, J.*) granting David Lemieux's motion to suppress "all evidence of his identity; all evidence with respect to his state of sobriety; all evidence of his alleged refusal to submit to a chemical

test; and all statements made to Officers Labonte, Carrier, and Snow" on the basis that officer Todd Labonte was acting without lawful authority to conduct a vehicle stop. The State's appeal[1] challenges the court's interpretation of 29 M.R.S.A. § 2501 (Pamph. 1994).[2] Because that section does not prohibit an off-duty, plain-clothed police officer from stopping a vehicle being operated in an erratic manner, we vacate the order.

The trial court found the following facts: Just before 12:00 a.m. on April 14, 1994, officer Labonte, wearing civilian clothes and driving his own automobile, was on his way home from work when he observed Lemieux's truck being driven erratically. Acting out of concern for both the safety of the operator and the general public, Labonte flashed the headlights of his vehicle, signaling to the operator of the truck to pull over to the side of the road.

When the truck stopped, Labonte approached the operator, identified himself as a police officer, and displayed his badge. Labonte observed that Lemieux, the operator of the truck, showed signs of intoxication. Thereafter, Labonte detained Lemieux and summoned local police to administer sobriety tests. Responding to the scene, Saco police officer Michael Carrier administered four field sobriety tests, none of which Lemieux performed satisfactorily. Carrier arrested the defendant for operating a motor vehicle while under the influence of intoxicating liquor (OUI). 29 M.R.S.A. § 1312–B (Pamph. 1994).

At the conclusion of the hearing on Lemieux's motion to suppress, the court found that Labonte had not planned to exceed the territorial limits of his jurisdiction. *See State v. Jolin,* 639 A.2d 1062, 1064 (Me.1994) (evidence from extraterritorial arrest based on probable cause not excluded where officer's actions were reasonable under the circumstances). Nevertheless, the court concluded that Labonte, as a plain-clothed officer in an unmarked car, lacked authority to conduct

the stop because of the terms of 29 M.R.S.A. § 2501. The court granted Lemieux's motion to suppress.

■ The State submits that the plain language of section 2501 is enabling and does nothing more than confer the power to stop vehicles upon law enforcement officers. It argues that the language of section 2501 does not create a legislative exclusionary rule.

29 M.R.S.A. § 2501 provides in pertinent part:

### § 2501. Examination of vehicles by police officers

Any law enforcement officer in uniform whose duty it is to enforce the motor vehicle laws may stop and examine any motor vehicle for the purpose of ascertaining whether its equipment complies with the requirements of section 2503, and the officer may demand and inspect the operator's license, certificate of registration and permits.... *The law enforcement officer, if he is in uniform and if he has probable cause to believe that a violation of law has taken or is taking place, may, at any time, stop a motor vehicle for the purpose of arresting the operator in the case of a criminal violation or issuing the appropriate written process in the case of a criminal or civil violation, or questioning the owner or occupant thereof.*

(emphasis added). The statutory language plainly authorizes a police officer to stop a vehicle if the officer is in uniform and has probable cause to believe a criminal violation has occurred.

Lemieux interprets section 2501 as limiting the circumstances under which an officer has authority to stop a vehicle. Lemieux asserts that without a uniform, Labonte was prohibited from conducting an otherwise valid traffic stop. We disagree. On its face, section 2501 serves merely to grant officers the statutory authority to take otherwise constitutionally permitted action. Whether and in what circumstances an out-of-uniform officer is prohibited from stopping and arresting a

---

1. This appeal was taken pursuant to 15 M.R.S.A. § 2115–A (1980) which, along with M.R.Crim.P. 37B, authorizes the State to appeal from the District Court order with approval of the Attorney General.

2. 29 M.R.S.A. § 2501 has been amended by P.L. 1993, c. 683, § A–1 (effective January 1, 1995).

motorist is neither addressed nor controlled by this section.[3] We have previously determined that section 2501 does not alter the principles espoused by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *State v. Allen*, 485 A.2d 953, 956 (Me.1984) (section 2501 does not require an officer to have probable cause to conduct a *Terry*-type stop). Nor does section 2501 condition a police officer's authority to conduct a *Terry*-type stop of a motorist on that officer being in uniform.

■ The presence or absence of an officer's uniform becomes significant only when the operator of a motor vehicle fails or refuses to stop. *See* 29 M.R.S.A. § 2501–A (Pamph.1994).

Entry is:

Judgment vacated. Remanded to the District Court for the entry of an order denying the motion to suppress.

All concurring.

---

**3.** We are cognizant of the trial court's reliance on our discussion in *State v. Steckino*, 158 Me. 186, 181 A.2d 247 (1962) in forming its conclusion that section 2501 requires as a prerequisite for authority to act that the officer be "in uniform." While *Steckino* does suggest that the precursor to section 2501 did contemplate a uniform requirement for officers stopping vehicles to check a driver's license and registration, *see Steckino*, 181 A.2d at 248, we read that suggestion as dicta and do not find it persuasive in light of the facial clarity of the statute.