2008 ME 132

**STATE of Maine**

v.

**Stanley J. SWIEK.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 30, 2008.
Decided: Aug. 28, 2008.

Wayne R. Foote, Esq., Law Office of Wayne R. Foote, PA, Bangor, ME, for Stanley J. Swiek.

Christopher R. Fernald, Asst. Dist. Atty., Prosecutorial District Six, Rockland, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Stanley J. Swiek appeals from a judgment of conviction of operating under the influence (Class D), 29–A M.R.S. § 2411(1–A)(A), (5) (2007), entered in the Superior Court (Knox County, *Horton, J.*) upon his conditional guilty plea. Swiek contends that the court (*Marden, J.*) erred in denying his motion to suppress evidence obtained during a traffic stop executed by two plainclothes officers. *See* 29–A M.R.S. § 105(1) (2007) (providing that an officer has the authority to stop a motor vehicle upon reasonable and articulable suspicion "if the officer is in uniform"). We affirm Swiek's conviction.

## I. BACKGROUND

[¶ 2] The parties stipulated to the facts. On April 13, 2007, soon after 11:00 p.m., two police officers conducted a traffic stop of a vehicle driven by Stanley J. Swiek after they observed the vehicle traveling at a rate of sixty-five miles per hour in a forty-five-mile-per-hour zone. The officers were not in police uniforms and were in an unmarked police car that was equipped with a blue light and a siren. After they stopped Swiek, one of the officers approached Swiek and identified himself as a police officer. The officer wore a badge around his neck.

[¶ 3] Based on evidence obtained through the stop, the State charged Swiek with criminal operating under the influence, 29–A M.R.S. § 2411(1–A)(A), and he initially pleaded not guilty. Swiek moved to suppress evidence obtained through the traffic stop solely on the ground that a traffic stop by officers not in uniform violates 29–A M.R.S. § 105(1) and requires the sanction of suppression of any evidence obtained from the traffic stop.

[¶ 4] After a hearing, the court (*Marden, J.*) denied the motion. Swiek entered a conditional guilty plea, and the court (*Horton, J.*) entered a judgment of conviction upon that plea. The court sentenced Swiek to a ninety-day license suspension, fined him $500, and ordered him to pay additional fees totaling $140. Swiek timely

appealed from the judgment. The license suspension has been stayed pending appeal, and Swiek's obligation to pay the fines has been stayed until December 30, 2008.

## II. DISCUSSION

■ [¶ 5] Because the facts relating to suppression are not in dispute, we review de novo the legal conclusions that the suppression court reached. *See State v. Cormier,* 2007 ME 112, ¶ 11, 928 A.2d 753, 757; *State v. Jolin,* 639 A.2d 1062, 1064 (Me.1994). The legal issue here is whether incriminating evidence obtained through a motor vehicle stop should be excluded when the officer making the stop is not in uniform as provided by section 105(1):

> **Authority to stop motor vehicle.** If a law enforcement officer has reasonable and articulable suspicion to believe that a violation of law has taken or is taking place, that officer, *if the officer is in uniform,* may stop a motor vehicle for the purpose of:
>
> A. Arresting the operator for a criminal violation;
>
> B. Issuing the appropriate written process for a criminal or civil violation or a traffic infraction; or
>
> C. Questioning the operator or occupants.

29–A M.R.S. § 105(1) (emphasis added).

[¶ 6] We construed the predecessor to section 105(1) more than a decade ago and held that the statute "merely ... grant[ed] officers the statutory authority to take otherwise constitutionally permitted action," and did not "condition a police officer's authority to conduct a *Terry*-type stop of a motorist on that officer being in uniform." *State v. Lemieux,* 662 A.2d 211, 212–13 (Me.1995) (citing 29 M.R.S.A. § 2501 (Pamph.1994), *repealed and replaced by* P.L.1993, ch. 683, §§ A–1, A–2 (effective Jan. 1, 1995) (currently codified at 29–A M.R.S. § 105(1) (2007))).

[¶ 7] Only when the operator of a motor vehicle fails or refuses to stop for a nonuniformed officer does the officer's failure to wear a uniform become legally significant because, by statute, a person may not be convicted of failing or refusing to stop if the officer is not in uniform: "A person commits a Class E crime if that person fails or refuses to stop a motor vehicle on request or signal of a *uniformed* law enforcement officer." 29–A M.R.S. § 2414(2) (2007) (emphasis added); *see Lemieux,* 662 A.2d at 213.

■ [¶ 8] Our holding in *Lemieux* remains in force. Because the statute has been amended and recodified, we take this opportunity to confirm that 29–A M.R.S. § 105(1) does not "condition a police officer's authority to conduct a *Terry*-type stop of a motorist on that officer being in uniform." *Lemieux,* 662 A.2d at 213. Thus, the facts in this case do not evidence illegal conduct by the officers who conducted the stop, *see Lemieux,* 662 A.2d at 212–13, and we have no occasion to determine whether the exclusionary rule would apply to illegal conduct unrelated to Fourth Amendment protections, *cf. United States v. Sutherland,* 929 F.2d 765, 770 (1st Cir.), *cert. denied,* 502 U.S. 822, 112 S.Ct. 83, 116 L.Ed.2d 56 (1991) (stating that suppression may be justified when state officials flagrantly abuse the law and federal officials "seek to capitalize on that abuse"). We affirm the Superior Court's denial of Swiek's motion to suppress as well as the resulting judgment of conviction.

The entry is:

Order denying motion to suppress and judgment of conviction affirmed.