STATE OF MAINE     STATE OF MAINE CUMBERLAND, SS CLERK'S OFFICE     SUPERIOR COURT
CUMBERLAND, SS.                        Criminal Action

Docket No. CR-08-2360

2: 5 l

| | | |
|---|---|---|
| STATE OF MAINE | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEVIN WORTH | ) | |
|       Defendant | ) | |

Defendant Kevin Worth is charged with criminal speeding. He has filed a motion to suppress the evidence against him on the ground that officers of the Oxford County Sheriff's Office were outside of their jurisdiction when they picked him up on radar and arrested him for speeding 83 miles-per-hour in a 50 mile-per-hour zone.

This is one of the rare cases where the parties here agree that the facts on a motion to suppress can be stipulated. Those facts are set forth in a stipulation dated January 27, 2009. In addition, at a conference with the court in February, counsel stipulated to one additional fact - that at the time they encountered Worth, Oxford deputies Ontengco and Wyman were traveling on Route 117 in Cumberland County because that was a convenient route to get to the western portion of Oxford County from the eastern portion of Oxford County.

This is not a case where the "fresh pursuit" statute, 30-A M.R.S. § 2671(2), authorized the arrest. Nevertheless, the Law Court has declined to

adopt a per se rule that evidence obtained in violation of the fresh pursuit statute is inadmissible. See, e.g., State v. Rideout, 2000 ME 194, ¶ 8, 761 A.2d 288, 290. Thus, in State v. Jolin, 639 A.2d 1062 (Me. 1994), the court concluded that a territorial violation did not justify suppression where the arresting officer had probable cause to arrest a driver for OUI and the officer's actions was reasonable in light of the immediate need to prevent defendant from harming himself or others. 639 A.2d at 1064 (officer getting coffee outside her jurisdiction observed car swerving into wrong lane). Similarly, in State v. Pike, 642 A.2d 145 (Me. 1994), the court again declined to exclude where the officer had probable cause and did not "intentionally disregard the territorial limits to which he was subject in order to ferret out crime." 642 A.2d at 147 (officer outside of jurisdiction saw vehicle pull over, approached to see if driver needed assistance, and found driver was impaired by alcohol).

Most recently, in the Rideout case, the Law Court upheld a vehicle stop made by an officer driving to a court appearance outside of his jurisdiction who recognized a driver who he believed was under suspension. 2000 ME 194, ¶¶ 2, 9, 761 A.2d at 289, 291.

In this case, under the stipulated facts, the Oxford deputies had probable cause to arrest when they tracked Worth on radar as driving 83 in a 50 mile-per-hour zone. Moreover, under the stipulated facts, the officers were not engaged in

2

an extraterritorial excursion to ferret out crime but were cutting across Cumberland County because it was a convenient route to the western portion of Oxford County. Under Rideout, an immediate threat to safety is not necessarily required to justify an extraterritorial stop. However, there is certainly a potential safety issue when a person is driving 83 miles-per-hour in a 50 mile-an-hour zone.

Because, as in Rideout, the Oxford officers were not intentionally disregarding their territorial limits to ferret out crime in another jurisdiction, the motion to suppress is denied.

Dated: March 20 , 2009

Thomas D. Warren
Justice, Maine Superior Court

STATE OF MAINE
   VS
KEVIN E WORTH
226 NEWBURYPORT TNPK
ROWLEY MA 01969

DOB: 11/15/1962
Attorney: BRIAN HAWKINS
        HAWKINS & BOISVERT
        US ROUTE #302 ROOSEVELT TRAIL
        PO BOX 479
        BRIDGTON ME 04009-0479
        RETAINED 08/21/2008

Filing Document: CRIMINAL COMPLAINT
Filing Date: 08/21/2008

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CR-2008-02360

**DOCKET RECORD**

State's Attorney: ANGELA CANNON

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

1   MOTOR VEHICLE SPEEDING: 30+ MPH OVER SPEED 05/16/2008 BRIDGTON
   LIMIT
Seq 1147  29-A  2074(3)           **Class E**

## Docket Events:

09/18/2008 Charge(s): 1
        TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 09/18/2008 @ 18:00

        TRANSFERRED CASE: SENDING COURT CASEID BRIDCCR200800708
        FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/21/2008

        Charge(s): 1
        HEARING -  ARRAIGNMENT SCHEDULED FOR 08/26/2008 @ 8:30

        NOTICE TO PARTIES/COUNSEL
        Charge(s): 1
        HEARING -  ARRAIGNMENT WAIVED ON 08/26/2008

        Party(s): KEVIN E WORTH
        ATTORNEY -  RETAINED ENTERED ON 08/21/2008

        Attorney: BRIAN HAWKINS
09/18/2008 Charge(s): 1
        PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 08/26/2008

        TRIAL -  BENCH SCHEDULED FOR 10/07/2008 @ 8:30

        NOTICE TO PARTIES/COUNSEL
        TRIAL -  BENCH NOT HELD ON 09/18/2008

        TRIAL -  BENCH NOTICE SENT ON 09/03/2008

        Charge(s): 1
        MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 09/15/2008

HEARING - MISDEMEANOR PLEA NOTICE SENT ON 01/28/2009

03/20/2009 MOTION -  MOTION TO SUPPRESS DENIED ON 03/20/2009
          THOMAS D WARREN , JUSTICE
          COPY TO PARTIES/COUNSEL
03/24/2009 TRIAL -  JURY TRIAL SCHEDULED FOR 04/21/2009 @ 8:30 in Room No.  11

          NOTICE TO PARTIES/COUNSEL
03/24/2009 TRIAL -  JURY TRIAL NOTICE SENT ON 03/24/2009


A TRUE COPY
ATTEST:  _____
                    Clerk

Printed on: 03/25/2009